hDECUIR, Judge.
Vince Enterprises, Inc. and CNA Insurance Companies appeal a workers’ compensation judgment ordering that they provide medical transportation; provide twelve hours per week, minimum, quality of life transportation; and awarding penalties and attorney fees to claimant, Kim Marcus Derouselle. For the reasons that follow, we affirm.
FACTS
On July 13,1999, while installing insulated ceiling panels for Vince Enterprises, Inc., Marcus Derouselle fell fifteen to twenty feet from a forklift platform. He landed on the crown of his skull, shattering multiple vertebrae in his back. While at the emergency room he suffered a heart attack and mild brain damage. Marcus is paralyzed from the neck down and only capable of swallowing and speaking on this own. He operates his electric wheelchair with a chin control and “sip and puff’ device. He requires twenty-four hour nursing care.
Marcus was hospitalized for over two years at the Touro Rehabilitation Center. During that time, while he was being weaned from the ventilator and feeding tube, his infant daughter was born and became capable of interacting with him. This development was invaluable in improving Marcus’ outlook, and he soon progressed to a level that allowed Marcus to leave the facility for “outings.” Marcus’ physician indicated that these outings were critical to maintaining his emotional stability and to facilitate his recovery. Vince’s insurer, CNA, initially paid for transportation for these outings. However, as Marcus progressed his physician recommended an independent living circumstance where he could be with his family.
The parties argued for many months over how to best provide this for Marcus. During this time, CNA provided on demand, with twenty-four hour notice, medical and quality of life transportation for Marcus. Unfortunately, this service was ^unreliable. Marcus was forced to wait long periods of time, miss appointments with his doctors, and do without medication because of late or improperly equipped transport services. Finally, the parties agreed on living arrangements for Marcus. His wife took on a full-time job to support the family. Marcus and his wife were forced to purchase a car to replace his wife’s unreliable transportation. In doing so they lowered their monthly note by $70.00 per month. CNA’s claims representative was angry that they did not purchase a van that CNA could retrofit to accommodate his wheelchair and immediately terminated all quality of life transportation. The claims representative sought no medical advice before terminating benefits, nor did she inquire into the family’s ability to afford a van.
Marcus sought relief from the workers’ compensation judge. The workers’ compensation judge ordered Vince and CNA to provide medical transportation and a minimum of twelve hours per week quality of life transportation and that such transportation can be provided by leasing a medically accommodated van and providing certified nurse’s aides to drive and an LPN for medical care on demand. In addition, the workers’ compensation judge ordered penalties of $1,000.00 and attorney *868 fees of $2,500.00 for the arbitrary and capricious handling of the claim. The defendants lodged this appeal.
QUALITY OF LIFE TRANSPORTATION
Vince and CNA allege that the workers’ compensation judge erred in ordering them to pay for transportation for quality of life excursions. They argue that such transportation is not necessary medical transportation which they are required to pay under the provisions of La.R.S. 23:1203(d). They argue that the jurisprudence specifically provides that payment for non-medically related transportation such as |acourt appearances is not required. See Husband v. Insurance Company of North America, 284 So.2d 787 (1973).
Marcus argues that this transportation is medically necessary for his continued recovery. While he does not refer to La. R.S. 23:1203(a), this argument seems to suggest that payment is required as a medical expense rather than a travel reimbursement. The workers’ compensation judge was apparently persuaded by that argument.
In discussing burden of proof and standard of review with regard to medical expenses, this court has stated that:
When an employee has a compensable injury under the Workers’ Compensation Act, the employer has the duty of providing “all necessary drugs, supplies, hospital care and services, [and] medical and surgical treatment....” La.R.S. 23:1203(A); See also Cleveland v. Delhi Guest Home, 29,506 (La.App. 2 Cir. 5/7/97); 694 So.2d 607. Treatment necessary to alleviate pain suffered by the employee due to his disability is included. Barry v. Western Elec. Co., Inc., 485 So.2d 83 (La.App. 2 Cir.), writ denied, 487 So.2d 441 (La.1986). The plaintiff must prove the necessity of the treatment and the causal connection between the treatment and the employment-related accident by a preponderance of the evidence. Cleveland, 29,506; 694 So.2d 607. The issues of necessity of treatment and causal relationship are questions of fact; accordingly, the applicable standard of review regarding the hearing officer’s findings is manifest error-clearly wrong. Alleman v. Fruit of the Loom-Crowley, 96-1246 (La.App. 3 Cir. 3/5/97); 692 So.2d 485.
Scherer v. Interior Plant Design, 98-702, p. 9-10 (La.App. 3 Cir. 10/28/98), 724 So.2d 797, 802, writ denied, 99-0297 (La.3/26/99), 739 So.2d 792.
In this case, Marcus presented evidence from his treating physician asserting that these quality of life excursions, designed to integrate this profoundly injured man into society, were medically necessary to his treatment, at least from an emotional standpoint. Marcus also put on evidence from a life care planning expert demonstrating that such excursions were part of the plan designed by the planner with the assistance of Marcus’ physician. The defendants put on no expert testimony to rebut the assertions of Marcus’ expert. Under this unusual and limited factual | ¿circumstance, we find that the workers’ compensation judge could have reasonably concluded that these quality of life excursions were necessary for the treatment of this profoundly paralyzed individual. Accordingly, we find no manifest error in the workers’ compensation judge’s order requiring a minimum of twelve hours a week of quality of life transportation on demand.
PENALTIES AND ATTORNEY FEES
Vince and CNA contend that the workers’ compensation judge erred in awarding penalties and attorney fees. We disagree.
*869 The determination whether an employer should be cast with penalties and attorney’s fees in a workers’ compensation case is essentially a question of fact and a workers’ compensation judge’s finding shall not be disturbed absent manifest error. Foster v. Liberty Rice Mill, 96-438 (La.App. 3 Cir. 12/11/96), 690 So.2d 792. We find no manifest error in this workers’ compensation judge’s award of penalties and attorney’s fees. The testimony at trial revealed that the claims adjuster ceased payment without medical advice and in an arbitrary, capricious and retaliatory response to Marcus’ purchase of a vehicle.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. All costs of these proceedings are taxed to defendant, CNA Insurance Companies.
AFFIRMED.